UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6174-CR-ZLOCH

UNITED STATES OF AMERICA,          :

        Plaintiff,                 :

v.                                 :

EDWARD AGBONZE,                    :

        Defendant.                 :

_____

FILED by ____ D.C.

JUN 2 6 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### DETENTION ORDER

        Pursuant to 18 U.S.C. § 3142(f), on June 22, 2000, a hearing was held to determine whether the defendant **Edward Agbonze** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Edward Agbonze** be detained prior to trial and until the conclusion thereof.

        In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

        1. The defendant is charged with five counts of bank fraud and one count of credit card fraud, in violation of 18 U.S.C. §§ 1344 and 1029(a)(2). 18 U.S.C. § 3142(g)(1).

        2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that the defendant

has utilized a variety of false identification documents in different names to defraud numerous banks. The amount of the fraud documented to date is $119,000; based on additional material seized from the defendant's residence pursuant to a search warrant, the total likely will exceed one million dollars. Agents recovered six State of Florida identification cards, each bearing the defendant's photograph. Two these cards were issued within minutes of one another, indicating that the defendant has an inside contact at the Florida Department of Motor Vehicles. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are that he is a native of Nigeria and a naturalized United States citizen. The defendant claims to be self-employed as an equity trader. He resides in a home valued at $220,000 and owns a $20,000 Lincoln Navigator. The defendant maintains ties to Nigeria, and has sent substantial amounts of the money obtained through bank fraud to his mother's address in that country. This fact, coupled with the defendant's ability to secure funds through fraudulent identification documents, demonstrate that he is a risk of flight. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. There is probable cause to believe that the defendant has engaged in defrauding banks of large sums of money through the use of false documents and fraudulently obtained credit cards. Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will

assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community and there is a substantial likelihood that he will flee if released prior to trial. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 26th day of June, 2000.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Debra Stuart (FTL)
Pretrial Services (FTL)
AFPD Samuel Smargon (FTL)